FILED

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2253
     Facsimile: (213) 894-0141
     E-mail:    george.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2017 APR 28  PM 2:28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 17 CR 0 0257 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION OF CHRISTOPHER PSAILA |
| v. | |
| CHRISTOPHER PSAILA, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

☐  a.    present offense committed while defendant was on release pending (felony trial),

☐  b.    defendant is an alien not lawfully admitted for permanent residence; and

1    ☐  c.    defendant may flee; or

2    ☐  d.    pose a danger to another or the community.

3   ☒  2.    Pretrial Detention Requested (§ 3142(e)) because no

4            condition or combination of conditions will reasonably

5            assure:

6    ☒  a.    the appearance of the defendant as required;

7    ☒  b.    safety of any other person and the community.

8   ☐  3.    Detention Requested Pending Supervised Release/Probation

9            Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10           § 3143(a)):

11    ☐  a.    defendant cannot establish by clear and convincing

12              evidence that he/she will not pose a danger to any

13              other person or to the community;

14    ☐  b.    defendant cannot establish by clear and convincing

15              evidence that he/she will not flee.

16   ☐  4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

17           § 3142(e)):

18    ☐  a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19              (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or

20              greater maximum penalty (presumption of danger to

21              community and flight risk);

22    ☐  b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23              2332b(g)(5)(B) with 10-year or greater maximum penalty

24              (presumption of danger to community and flight risk);

25    ☐  c.    offense involving a minor victim under 18 U.S.C.

26              §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27              2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b. an offense for which maximum sentence is life imprisonment or death;

☐ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

1      ☐    e.    any felony not otherwise a crime of violence that

2            involves a minor victim or the possession or use of a

3            firearm or destructive device (as defined in 18 U.S.C.

4            § 921), or any other dangerous weapon, or involves a

5            failure to register under 18 U.S.C. § 2250;

6      ☒    f.    serious risk defendant will flee;

7      ☐    g.    serious risk defendant will (obstruct or attempt to

8            obstruct justice) or (threaten, injure, or intimidate

9            prospective witness or juror, or attempt to do so).

10     ☐  6.  Government requests continuance of _____ days for detention

11         hearing under § 3142(f) and based upon the following

12         reason(s):

13

14     _____

15     _____

16     _____

17     //

18     //

19     //

20     //

21     //

22     //

23     //

24     //

25     //

26     //

27     //

28     //

1    ☐   7.    Good cause for continuance in excess of three days exists in

2              that:

3

4    _____

5    _____

6    _____

7    _____

8    Dated: April 27, 2017          Respectfully submitted,

9                                   SANDRA R. BROWN
                                    Acting United States Attorney
10
                                    LAWRENCE S. MIDDLETON
11                                  Assistant United States Attorney
                                    Chief, Criminal Division
12

13

14                                  /s/ George E. Pence
                                    _____
                                    GEORGE E. PENCE
15                                  Assistant United States Attorney

16                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
17

18

19

20

21

22

23

24

25

26

27

28